UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOANNA FAN,                                :
                                           :
                       Petitioner,         :
                                           :      **SUMMARY ORDER**
        -against-                          :      15-CV-4169 (DLI)
                                           :
UNITED STATES,                             :
                                           :
                       Defendant.          :
-----------------------------------------------------------------x
**DORA L. IRIZARRY, Chief United States District Judge:**

Petitioner Joanna Fan ("Petitioner" or "Fan") pled guilty, pursuant to a written plea agreement, to Embezzlement, in violation of 18 U.S.C. § 666(a)(1)(A)(i), on October 1, 2013. *See* Oct. 1, 2013 Crim. Dkt. Min. Entry.[1] The Court sentenced her to 57 months' imprisonment followed by three years of supervised release, and ordered payment of a $100 special assessment, a $100,000 fine, $2,210,377.46 in restitution, and $3,000,000 in forfeiture. *See* Order of Forfeiture ("Forfeiture Ord."), Crim. Dkt. Entry No. 86; Judgment as to Joanna Fan ("Jmt."), Crim. Dkt. Entry No. 88.

On September 23, 2016, Fan filed a Motion for Bail. *See* Pet.'s Emerg. Mot. for Bail & Inc. Mem. of Law ("Bail Mot."), Civ. Dkt. Entry No. 31. The Court denied Petitioner's Motion for Bail for the reasons stated on the record at an appearance on October 21, 2016. *See* Oct. 21, 2016 Civ. Dkt. Min. Entry. On December 14, 2016, Petitioner filed a motion asking the Court to reconsider its October 21, 2016 ruling, arguing that: (1) the U.S. Department of Probation ("Probation Department") miscalculated the loss attributable to her by $24,000; and (2) in any event, the Court should reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the

---

[1] Citations to Fan's criminal case, *United States v. Fan*, No. 12-CR-068, are annotated "Crim. Dkt." Citations to the present civil docket, *Fan v. United States*, No. 15-CV-4169, are annotated "Civ. Dkt."

2016 Amendments to Section 2B1.1(b)(1) of the U.S. Sentencing Guidelines ("U.S.S.G"). *See* Pet.'s Dec. 13, 2016 Ltr. ("Recon. Mot."), Civ. Dkt. Entry No. 42. The Government opposed Petitioner's request by a letter dated December 16, 2016. *See* Dec. 16, 2016 Ltr. ("Gov't Opp."), Civ. Dkt. Entry No. 43. Petitioner filed a reply letter on December 18, 2016. *See* Pet.'s Dec. 18, 2016 Ltr. ("Recon. Reply"), Civ. Dkt. Entry No. 44. Petitioner also filed a supplemental letter on January 20, 2017 citing to changes to the U.S.S.G. proposed by the U.S. Sentencing Commission in December 2016. *See* Pet.'s Jan. 20, 2017 Ltr. ("Supp. Ltr."), Civ. Dkt. Entry No. 45.

For the following reasons, Petitioner's Motion for Reconsideration is denied.

## DISCUSSION

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F. 3d 255, 257 (2d Cir. 1995) (internal citations omitted). Typical grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992)). "[A] motion for reconsideration is not an opportunity for litigants to reargue their previous positions or present new or alternative theories that they failed to set forth in connection with the underlying motion." *Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp.2d 261, 287 (E.D.N.Y. 2013). While "neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules expressly provide for reconsiderations," courts in this District have

2

applied the civil standard to motions for reconsideration in the criminal context. *United States v. Persico*, No. 10-CR-147 (SLT), 2015 WL 893542 (E.D.N.Y. Mar. 2, 2015) (collecting cases).

The first argument Petitioner advances, that the Probation Department erred in calculating the loss attributable to her, is immaterial to the sentence of imprisonment she received. Recon. Mot. at 1-2. When Petitioner was sentenced, the applicable U.S.S.G. required an 18-level increase to the base offense level if the loss exceeded $2,500,000, but was less than $7,000,000. U.S.S.G. § 2B1.1(b)(1)(J) (2012). Upon calculating a total offense level of 25 and applying a Criminal History Category of I, the applicable U.S.S.G. sentencing range was 57-71 months. U.S.S.G. ch. 5, pt. A (2012). Assuming, *arguendo*, that the Probation Department failed to credit Petitioner the $24,000 allegedly used for lawful purposes, the change simply would decrease the loss from $3,509,712.46 to $3,485,712.46. Fan concedes that the adjusted total still would have been within the range provided by § 2B1.1(b)(1)(J); the calculations would not have changed, and she still would have received the 18-level increase. *See* Recon. Mot. at 2.

Nonetheless, Petitioner contends that, if her Petition is successful and she were to be resentenced under the current applicable U.S.S.G., she would receive a shorter sentence. However, such may not necessarily be the case given: (1) the facts and circumstances of this case; (2) the fact that the relevant U.S.S.G. Amendment does not apply retroactively (see discussion below); and (3) that Petitioner did not make any convincing argument as to how her term of imprisonment would be different if she were resentenced today. Under the present U.S.S.G., the revised loss amount would result in a 16 (not 18)-level increase.[2] U.S.S.G. § 2B1.1(b)(1)(I) (2016). With a revised total offense level of 23 and a Criminal History Category of I, the applicable U.S.S.G.

---

[2] The U.S.S.G. requires a 16-level increase to the base offense level if the loss exceeds $1,500,000, but is less than $3,500,000 U.S.S.G. § 2B1.1(b)(1)(I) (2016).

3

sentencing range would be 46-57 months. U.S.S.G. ch. 5, pt. A (2016). Under this rubric, her sentence would still be within the advisory guidelines range.

Petitioner's argument justifying resentencing under the U.S.S.G. Amendment is made pursuant to 18 U.S.C. § 3582(c)(2). Recon. Mot. at 2-3. Under that statute, the Court may resentence a defendant "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." U.S.S.G. § 1B1.10(d), which details the amendments that apply retroactively to permit resentencing, does not include Amendment 791, which modified the range applicable in this case. *See also* U.S.S.G. Supp. to App'x C (2016). Petitioner concedes this and notes that the Government "appears correct that the commentary to the Guidelines limit[s] the retroactive application" of this Amendment. Recon. Reply at 4. The Court agrees with Petitioner's concession. The pertinent U.S.S.G. Amendment does not apply in this case and the Court sees no reason to deviate from the guidance provided by the U.S.S.G. *See United States v. Perez*, 129 F.3d 255, 258-59 (2d Cir. 1997) (rejecting motion under 18 U.S.C. § 3582(c)(2), since the Amendment at issue was not listed retroactively in § 1B1.10). Consequently, Petitioner's request to be resentenced pursuant to 18 U.S.C. § 3582(c)(2) is denied.

Finally, in her supplemental January 20, 2017 submission, Fan requests that the Court consider the fact that the U.S. Sentencing Commission has proposed a new guideline that would, in theory, be applicable to Fan. *See* Supp. Ltr. This asks the Court to arrive at a decision based upon what *might* come to pass *if* Congress accepts the U.S. Sentencing Commission's proposal. Petitioner asks the Court to render a decision based on what Congress might do; the Court will not engage in such speculation, and rejects this argument.

## **CONCLUSION**

For the reasons set forth above, Fan's Motion for Reconsideration and Resentencing Pursuant to 18 U.S.C. 3582(c)(2) are denied.

SO ORDERED.

Dated: Brooklyn, New York
      March 20, 2017

/s/
DORA L. IRIZARRY
Chief Judge