UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JOANNA FAN,                                        :
                                                   :
                        Petitioner,                :
                                                   :          **MEMORANDUM AND ORDER**
            -against-                              :              12-cr-00068 (DLI)
                                                   :              15-cv-04169 (DLI)
UNITED STATES OF AMERICA,                          :
                                                   :
                        Respondent.                :
----------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

On August 20, 2015, Petitioner Joanna Fan ("Petitioner") filed a revised petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2255 (the "Petition") seeking *vacatur* of her conviction, sentence, including orders for forfeiture and restitution.  *See*, *generally*, Rev. Mot. to Vacate, Set Aside or Correct Sent. ("Pet."), Dkt. Entry No. 4.  The Government opposed the Petition.  *See*, Mem. of Law in Opp'n to Pet. ("Opp'n"), Dkt. Entry No. 14.  Petitioner replied.  *See*, Reply in Supp. of Pet. ("Reply"), Dkt. Entry No. 17.  Petitioner submitted a supplemental memorandum of law.  *See*, Suppl. Mem. of Law in Supp. of Point I of Pet. ("Suppl. Mem."), Dkt. Entry No. 63.  The Government opposed and Petitioner replied.  *See*, Suppl. Mem. of Law in Opp'n to Pet. ("Suppl. Opp'n"), Dkt. Entry No. 64; Suppl. Reply, Dkt. Entry No. 66.  For the reasons set forth below, the Petition is denied in its entirety.

## BACKGROUND

The Court presumes the parties' familiarity with the facts and procedural history of both the instant civil case and its underlying criminal case.  Thus, only the pertinent background necessary to resolve the Petition will be discussed here.[1]  A complaint filed on September 12, 2011 alleged that Petitioner and her codefendant husband, Ziming Shen ("Shen"), while operating the

---

[1] Unless otherwise stated, all docket entries refer to entries in the instant civil case, 15-cv-04169 (DLI).

Red Apple Child Development Center ("Red Apple"), embezzled over $3 million of federal funds through the Children and Adult Care Food Program ("CACFP"), a program under the Child Nutrition Act of 1966, 42 U.S.C. §§ 1751, 1771, *et seq. See*, *generally*, Compl., 12-cr-00068, Dkt. Entry No. 1; *See also*, Pet. at 1; Opp'n at 2.  On April 12, 2012, Petitioner, then represented by Martin Adelman, Esq. ("Adelman"), waived indictment and pled guilty, under oath, to an Information charging her and Shen with one count of Federal Program Fraud, in violation of 18 U.S.C. § 666(a)(1)(A)(i). *See*, Information, 12-cr-00068, Dkt. Entry No. 20; Waiver of Indictment, 12-cr-00068, Dkt. Entry No. 21; Minute Entry dated April 12, 2012, 12-cr-00068, Dkt. Entry No. 23.

As part of her plea agreement, Petitioner waived her right to appeal or collaterally challenge any within or below Sentencing Guidelines sentence.  The plea agreement provides, in relevant part:

> "The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 78 months or below. This waiver is binding without regard to the sentencing analysis used by the Court."

Plea Agreement, Dkt. Entry No. 14-1, at ¶ 4.

On September 4, 2012, Petitioner relieved Adelman and retained Robert Radick, Esq. ("Radick").  *See*, Mot. to Substitute Att'y, 12-cr-00068, Dkt. Entry No. 26; Minute Entries dated August 22, 2012 and September 4, 2012, 12-cr-00068.  On March 20, 2013, Petitioner relieved Radick and then retained John Iannuzzi, Esq. ("Iannuzzi"), who represented Petitioner through sentencing.  *See*, Mot. to Substitute Att'y, 12-cr-00068, Dkt. Entry No. 56; Minute Entry dated March 20, 2013, 12-cr-00068.  Prior to sentencing, the Government informed the Court that the parties had reached an agreement regarding the loss amount, restitution, and forfeiture.  *See*, Letter dated April 5, 2013, 12-cr-00068, Dkt. Entry No. 57; Letter dated April 9, 2013, 12-cr-00068, Dkt.

Entry No. 58.  The Government further stated that a *Fatico* hearing would not be necessary "[b]ecause there is no outstanding factual dispute in the case."  Letter dated April 9, 2013. Petitioner neither responded nor objected to the Government's April 5, 2013 and April 9, 2013 letters.

On October 1, 2013, Petitioner was sentenced to a term of 57 months of imprisonment followed by three years of supervised release with special conditions, and ordered to pay a $100 special assessment, a fine of $100,000, restitution in the amount of $2,210,377.46, and forfeiture in the amount of $3,000,000.00.  *See*, Minute Entry dated October 1, 2013; Order of Forfeiture, 12-cr-00068, Dkt. Entry No. 86; Restitution Order, 12-cr-00068, Dkt. Entry No. 87; Judgment, 12-cr-00068, Dkt. Entry No. 88.  On October 16, 2013, Petitioner appealed her sentence.  *See*, Notice of Appeal, 12-cr-00068, Dkt. Entry No. 97.  On December 22, 2014, the Second Circuit Court of Appeals dismissed the appeal, finding that Petitioner had not demonstrated that the waiver of her appellate rights was unenforceable under *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000).  *See*, Mandate, 12-cr-00068, Dkt. Entry No. 149.

On August 20, 2015, Petitioner filed the instant Petition, alleging that she:  (1) received ineffective assistance of counsel during the guilty plea process; (2) received ineffective assistance of counsel in relation to the waiver of a *Fatico* hearing; (3) received ineffective assistance of counsel in relation to the forfeiture order; and (4) was denied due process at sentencing because the Court relied on factual allegations that were withdrawn later.  *See*, Pet. at 7-30.  On September 18, 2015, upon Petitioner's waiver of her attorney-client privilege with Adelman, Iannuzzi, and Radick, the Court directed the three attorneys to submit affidavits to the Government in response to the allegations of ineffective assistance of counsel.  *See*, Attorney-Client Privilege Waiver, Dkt. Entry No. 12; Electronic Order dated September 18, 2015.  On October 21, 2015, the

Government provided the attorneys' affidavits to the Court. *See*, Letter Enclosing Attorney Affidavits, Dkt. Entry No. 13. On February 16, 2016, Radick submitted additional information concerning the allegations in the Petition. *See*, Letter from Radick dated February 16, 2016, Dkt. Entry No. 20.

On March 22, 2018, Petitioner completed her term of imprisonment and is under supervised release. *See*, Letter dated May 29, 2018, Dkt. Entry No. 56. On May 20, 2020, Petitioner's current counsel informed the Court that Adelman passed away from illness on or about May 13, 2020. *See*, Letter dated May 20, 2020, Dkt. Entry No. 68.

## **LEGAL STANDARD**

Under 28 U.S.C. § 2255, a sentencing court may "vacate, set aside or correct [a] sentence" that was imposed "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Relief generally is "available only for a constitutional error, defect of jurisdiction, or an error of law constituting a fundamental defect which inherently results in a complete miscarriage of justice." *Scala v. United States*, 2010 WL 3780320, at *1 (E.D.N.Y. Sept. 21, 2010) (internal quotation marks and citations omitted). Where a criminal defendant "did not raise an argument on direct appeal, he is procedurally barred from doing so on a collateral challenge under § 2255." *Rajaratnam v. United States*, 736 Fed. App'x 279, 281 (2d Cir. 2018) (citing *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007). An exception applies . . . if the [criminal] defendant demonstrates either (1) cause for the procedural default and ensuing prejudice, or (2) actual innocence." *Id.* (citing *Cox v. United States*, 783 F.3d 145, 150 (2d Cir. 2015)). However, "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538

U.S. 500, 509 (2003).  Such claims "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."  *Id.* at 504.

## DISCUSSION

### I.    Waiver of Ineffective Assistance of Claim

As a threshold matter, the Court must address whether Petitioner's waiver of collateral attacks in the plea agreement includes a claim of ineffective assistance of counsel.  Petitioner's plea agreement did not make any explicit reference to ineffective assistance of counsel claims, and waivers "may . . . be unenforceable when a defendant claims ineffective assistance of counsel in connection with the plea agreement."  *United States v. Webb-Thompson*, 2012 WL 3683522, at *1 (E.D.N.Y. Aug. 24, 2021) (citing *Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195-96 (2d Cir. 2002)).  Here, one of Petitioner's contentions is that she received ineffective assistance of counsel during plea negotiations, resulting in her entering into the plea agreement.  *See*, Pet. at 15-17.  Furthermore, the Government does not contend that provisions of the plea agreement prevent Petitioner from raising an ineffective assistance of counsel claim here.  Therefore, the Court finds that Petitioner did not waive her right to raise a claim of ineffective assistance of counsel as part of the plea agreement.

### II.    Ineffective Assistance of Counsel Claims

Petitioner alleges that she received ineffective assistance during three separate stages of her criminal case:  (1) at the guilty plea stage in connection with her counsel's failure to inform her about a possible affirmative defense; (2) at the post plea stage in connection with her counsel's waiver of a *Fatico* hearing; and (3) at the sentencing stage when her counsel failed to object to a statutory citation error with respect to the forfeiture order.  *See*, Pet. at 7-25; *See*, *generally*, Suppl. Mem.  The Government counters that Petitioner has failed to meet the legal standard for

establishing ineffective assistance of counsel. *See*, *generally*, Opp'n; *See also*, Suppl. Opp'n at 5-10.

To succeed on a claim of ineffective assistance of counsel, a petitioner must: (1) demonstrate that "[her] attorney's performance 'fell below an objective standard of reasonableness,' in light of 'prevailing professional norms,'" and (2) "'affirmatively prove prejudice' arising from counsel's allegedly deficient representation." *United States v. Caracappa*, 614 F.3d 30, 46 (2d Cir. 2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 693 (1984)). Although a petitioner must satisfy both prongs to obtain relief, "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the [petitioner] makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

### A.    Guilty Plea Stage

### 1.    Section 666(c) Safe Harbor Provision

Courts reviewing an ineffective assistance of counsel claim "must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' and be watchful 'to eliminate the distorting effects of hindsight.'" *Aparicio v. Artuz*, 269 F.3d 78, 95 (2d Cir. 2001) (quoting *Strickland*, 446 U.S. at 689). When "a defendant is represented by counsel during the plea process and enters [her] plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). In such circumstances, "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Id.* at 58. "In order to satisfy the prejudice prong with respect to a claim focusing on a plea of guilty, 'the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would

have insisted on going to trial.'"  *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013) (quoting *Hill*, 474 U.S. at 59); *See also*, *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) ("In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." (citations omitted)).

According to Petitioner, Adelman provided ineffective assistance of counsel at the guilty plea stage by:  (1) failing to investigate and advise whether Petitioner's conduct fell under 18 U.S.C. § 666(c) and (2) failing to investigate the credibility of a potential nonparty witness Li Chen.  *See*, Pet. at 2-3, 7-17; *See*, *generally*, Supp. Mem.  Petitioner contends that, but for Adelman's "incomplete and ineffective assessment of her case, she would have insisted on pleading not guilty and sought to defend herself at trial."  Reply at 1.

Title 18 U.S.C. § 666 criminalizes embezzling of funds from federal government programs, but exempts any "bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business."  18 U.S.C. § 666(c).  According to Petitioner,  this "safe harbor" provision applies to her case because she used the CACFP funds "as *reimbursements* to Red Apple for already-provided service" and to provide "a fourth meal to her students."  *Id.* at 11, 13 (emphasis in original).  Petitioner claims that Adelman failed to inform her of the "affirmative defense to the charged conduct . . . under 18 U.S.C. § 666(c)," despite repeatedly telling him that she had not broken any law and received "no personal gain."  *Id.* at 3, 11.

Petitioner's contention that her use of the CACFP funds was legitimate lacks factual and legal support.  Petitioner's conduct simply did not fall within § 666(c).  As Petitioner admitted during her guilty plea, she used the CACFP funds to finance the purchase of Manhattan real estate property, Shen's school furniture company, and Supermarnet, a food service company Shen

controlled.  *See*, Guilty Plea Tr., Dkt. Entry No. 14-2, at 37:13-38:4.  Such use of the funds was clearly outside the scope of § 666(c).

More significantly, it is troubling that Petitioner is raising her "fourth meal" defense once again here, given that the Court thoroughly rejected it at sentencing.  As the Court discussed *ad nauseum* at sentencing, there is barely any factual support that Petitioner even provided a "fourth meal" to the students and there certainly is no legal support that CACFP authorized reimbursement for these "fourth meals."  *See*, Sent'g. Tr., Dkt. Entry 14-5, at 16:18-19:8, 24:12-27:2.  Notably, Adelman's affidavit states that Petitioner "produced no document to support [her] claim – no checks to food vendors, no receipts for payments, no credit card charges – quite simply, nothing to support the supposed legitimacy of the amounts sought for reimbursement of the cost of food purchases and processing."  Adelman Aff., Dkt. Entry No. 13-1, at ¶ 7.

In support of her "fourth meal" defense, Petitioner now cites to her own self-serving affidavit and affidavits of former employees at Red Apple, all of which contain the same conclusory statement that "[t]he school provided 4 meals a day."  Aff. of Joanna Fan ("Fan. Aff."), Dkt. Entry No. 4-1, at ¶ 6; Aff. of Li Zhang, Dkt. Entry No. 4-1, at ¶ 7; Aff. of Liching Lee, Dkt. Entry No. 4-1, at ¶ 7; Aff. of Fei Yuan, Dkt. Entry No. 4-1, at ¶ 6; Aff. of Zhiying Zhang, Dkt. Entry No. 4-1, at ¶ 6; Aff. of Jing Zhu, Dkt. Entry No. 4-1, at ¶ 6; Aff. Ping Han, Dkt. Entry No. 4-1, at ¶ 6; Aff. of Yi Tao, Dkt. Entry No. 4-1, at ¶ 6.  However, none of these affidavits are corroborated by the record and their self-serving nature is insufficient to support Petitioner's position.  *See*, *Reese v. United States*, 164 F. Supp.3d 608, 611-12 (S.D.N.Y. 2016) ("[A] petitioner's unsubstantiated and self-serving statements are generally insufficient by themselves to sustain an ineffective assistance of counsel claim unless they are found credible given all the relevant circumstances.").

Accordingly, Adelman's decision not to pursue a defense under § 666(c) does not constitute performance that fell below an objective standard of reasonableness, particularly where, as here, there was no evidence to support it. *See*, *United States v. Arena*, 180 F.3d 380, 396 (2d Cir. 1999) ("Failure to make a meritless argument does not amount to ineffective assistance."), *disapproved on other grounds*, *Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 403 n.8 (2003). Thus, Petitioner has failed to establish the first *Strickland* prong, and this aspect of her motion is denied.

### 2.    Investigation of Li Chen

Petitioner asserts that "Adelman's failure to investigate Li Chen's credibility" constituted ineffective assistance of counsel. Suppl. Mem. at 2. Petitioner contends that she pled guilty based on a "false premise" that "the prosecution's case was primarily grounded in Li Chen's testimony," but "it is now clear that Chen was not in fact an intended witness at the time of [her] guilty plea." *Id.* at 5, 7. Petitioner further contends that Adelman's advice led her to believe that Chen was "the Government's main witness [and] that Chen's testimony was unassailable." Suppl. Mem. at 6.

It is disingenuous for Petitioner to argue that Adelman represented to her that "Chen was essentially unassailable as a witness." Suppl. Mem. at 5. Petitioner concedes that, prior to her guilty plea, Adelman "explained to [her] that Li Chen's crimes were very serious but [Petitioner] was a bigger fish . . . ." Suppl. Fan Aff., Dkt. Entry No. 63-1, at ¶ 13. In addition, this Court specifically discussed the relevance of Li Chen's credibility in its previous opinion addressing Petitioner's failure to establish good cause for additional discovery:

> It cannot reasonably be argued that the decision to ignore Fan's accusations about Li Chen's credibility was beyond the competence demanded of criminal defense attorneys. The truth of the accusations has no connection to any exculpatory evidence and does not seem to call the fruits of the underlying investigations into question. Simply put, the initial alleged informant's credibility was immaterial to the prosecution. Furthermore, even if the Court believed that the informant's

credibility mattered for the first prong of the *Strickland* analysis, Fan cannot reasonably argue that 'new evidence' from an extrajudicial investigation about the truth of her accusations would have led her to insisting on a trial. Fan had levied the accusations against Li Chen before pleading guilty. Furthermore, when Fan pled guilty, she believed that: (1) Li Chen was guilty of the crimes of which Fan accused her; (2) Li Chen's credibility was questionable; and (3) Li Chen would be the primary witness against her at trial. Since Fan truly believed the accusations she made against Li Chen, it does not follow that the results of an unofficial investigation 'confirming' her beliefs would have led to a different outcome in her criminal case.

Mem. & Order, Dkt. Entry No. 60, at 9-10.

Accordingly, Petitioner has failed to meet the *Strickland* test for ineffective assistance of counsel, and this aspect of her motion is denied. The Court also finds that a hearing on this matter is unnecessary and, thus, Petitioner's request for a hearing is denied.

**B.    Post Plea Stage**

Petitioner claims that she received ineffective assistance of counsel from Iannuzzi because he waived a *Fatico* hearing without her knowledge and consent. *See*, Pet. at 3-4, 17-18. In particular, Petitioner contends that Iannuzzi failed to dispute timely that Petitioner had not stipulated to any loss, restitution, and forfeiture amounts, and this failure presented a "mistaken belief" that Petitioner waived her "right to argue loss, restitution and forfeiture." *Id.* at 17-18. Although it is not entirely clear, Petitioner appears to challenge restitution and forfeiture amounts adjudged as part of her sentence.

Petitions pursuant to 28 U.S.C. § 2255 "may not be used to bring collateral challenges addressed solely to noncustodial punishments." *Kaminski v. United States*, 339 F.3d 84, 87 (2d Cir. 2003). As such, Petitioner is precluded from challenging orders of forfeiture and restitution through this Petition. Petitioner attempts to circumvent this established legal precedent by framing her argument under the context of ineffective assistance.

Nevertheless, Petitioner's ineffective assistance claim here is barred by the waiver provision of her plea agreement. As part of the plea agreement, Petitioner "agree[d] not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 78 months or below. This waiver is binding without regarding to the sentencing analysis used by the Court." Plea Agreement at ¶ 4. Since Petitioner was sentenced to 57 months' imprisonment, this waiver provision is in effect. *See*, *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010) (holding that a criminal defendant, as part of a plea agreement, may waive the right to appeal or to bring any collateral challenge to his sentence, and "[w]aivers of the right to appeal a sentence are presumptively enforceable").

Courts of this Circuit have "refused to allow a *habeas* petitioner to use a § 2255 motion to 'sidestep' a plea agreement in which he had waived his right to appeal a sentence falling within or below the stipulated range." *Pena v. United States*, 201 F. Supp.2d 231, 234 (S.D.N.Y. 2002). Notably, the Second Circuit dismissed Petitioner's appeal of her sentence, finding that Petitioner had not demonstrated that the waiver of her appellate rights was unenforceable. *See*, Mandate, 12-cr-00068, Dkt. Entry No. 149. Moreover, at Petitioner's plea allocution, the Court discussed with Petitioner that her guilty plea may result in an order to pay the loss amount, restitution, and forfeiture. *See*, Guilty Plea Tr., Dkt. Entry No. 14-2, at 30:7-31:25.

Petitioner tries to make the waiver provision unenforceable by: (1) arguing that "[her] plea cannot be viewed as having been entered knowingly and voluntarily once viewed within the context of the ineffective assistance of counsel that she received," and (2) arguing that the plea agreement "carved out" her "right to challenge the Government's loss figure prior to sentencing." Pet. at 2. Neither argument is convincing. As addressed in Section II.A above, Petitioner's

ineffective assistance claim at her guilty plea stage is meritless. Moreover, whether the plea agreement "carved out" her right to challenge the Government's calculations of restitution and forfeiture amounts has no bearing on the validity of the waiver provision, especially given that she had the opportunity to challenge the Presentence Report prior to her sentencing. *See*, Obj. to Presentence Rep., 12-cr-00068, Dkt. Entry No. 70.

Petitioner's ineffective assistance claim is "just a roundabout way to challenge [her] sentence." *Cavounis v. United States*, 2015 WL 4522826, at *4 (S.D.N.Y. July 24, 2015); *See also*, *United States v. Garcia*, 166 F.3d 519, 522 (2d Cir. 1999) ("Despite his effort to dress up his claim as a violation of the Sixth Amendment, defendant in reality is challenging the correctness of his sentence under the Sentencing Guidelines, and is therefore barred by the plain language of the waiver contained in his plea agreement with the government."). "[A] claim of ineffective assistance that is unrelated to the plea bargaining process does not provide a basis upon which to invalidate a waiver of the right to challenge the conviction by appeal or by a Section 2255 proceeding." *United States v. Martinez*, 2014 WL 7146846, at *6 (S.D.N.Y. Dec. 12, 2014) (quoting *Abramo v. United States*, 2014 WL 1171735, at *10 (S.D.N.Y. Mar. 19, 2014)).

In *Cavounis v. United States*, the petitioner entered into a plea agreement in which he "agreed not to appeal or to collaterally challenge any sentence of imprisonment within or below the stipulated guidelines range, any term of supervised release at or below the statutory minimum, any restitution amount at or below $8.2 million, or any forfeiture amount at or below $8.2 million." 2015 WL 4522826, at *1. The petitioner then filed a § 2255 petition claiming that, *inter alia*, he received ineffective assistance because his counsel failed to show him the presentence report and failed to object to the loss amount in the presentence report. *Id.* at *2. The *Cavounis* court held that the defendant's ineffective assistance claim was barred by the plea agreement waiver. *Id.* at

\*4.  The court there found that, "[e]ven construing [p]etitioner's ineffective assistance of counsel claim liberally as one alleging that he was denied the opportunity to object to portions of the PSR (such that he would have been entitled to a *Fatico* hearing), [p]etitioner's claims are still barred by the waiver agreement."  *Id.* at \*5.  The *Cavounis* court also noted that "[an] alleged failure to seek a *Fatico* hearing is not an ineffective assistance claim that relates to the validity of [petitioner's] plea or the waiver itself. . . .  "  *Id.* (internal quotation marks and citations omitted).

The *Cavounis* court's reasoning and holding are applicable to Petitioner's ineffective assistance claim here.  Similar to the petitioner in *Cavounis*, Petitioner waived her right to challenge her sentence and the waiver is enforceable because she was sentenced to a term of imprisonment of 57 months, below the 78 month threshold.  *See*, Plea Agreement at ¶ 4.  Accordingly, Petitioner's ineffective assistance claim based on the waiver of a *Fatico* hearing is denied.

## C.    Sentencing Stage

As part of her sentence, Petitioner was ordered to pay forfeiture in the amount of $3,000,000.  *See*, Order of Forfeiture at ¶ 1.  The forfeiture order was issued pursuant to, *inter alia*, 18 U.S.C. § 981(a)(1)(C).  *Id.*  According to Petitioner, citation to this statutory provision was in error because it "does not apply to violations of 18 U.S.C. § 666(a)(1)."  Pet. at 25.  Petitioner specifically contends that 18 U.S.C. § 981 is applicable to civil forfeiture only, not criminal forfeiture, and the applicable statute should have been 18 U.S.C. § 982.  *Id.* at 27.  Petitioner claims that Iannuzzi's "failure to recognize the invalidity of the forfeiture orders was 'outside the wide range of professionally competent assistance' required to satisfy *Strickland*'s minimal requirement of 'objective reasonableness.'"  *Id.*  Petitioner's claim simply is wrong.

13

Section 981(a)(1)(C) provides for forfeiture of any property "which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense." 18 U.S.C. § 981(a)(1)(C).  Section 1956(c)(7)'s definition of "specified unlawful activity" includes "an offense under . . . section 666 (relating to theft or bribery concerning programs receiving Federal funds)."  18 U.S.C. § 1956(c)(7)(D).  Accordingly, under the plain language of the statutes, § 981(a)(1)(C), through "specified unlawful activity" under § 1956(c)(7), authorizes forfeiture for violations of § 666(a)(1).  The Court also declines to consider Petitioner's argument that "the [I]nformation alleged *only* a criminal forfeiture pursuant to § 982, which is narrower than the civil forfeiture permitted under § 981(a)(1)(C)."  Reply at 8 (emphasis in original).  Petitioner did not raise this argument in the Petition and only raised it in her reply memorandum and, thus, the Court considers the argument waived.  *See*, *In re Weatherford Int'l Sec. Litig.*, 2013 WL 12185082, at *2 n.2 (S.D.N.Y. Nov. 19, 2013) (noting that issues raised for the first time in reply papers are deemed waived); *See also*, *Est. of Ungar v. Palestinian Auth.*, 451 F. Supp.2d 607, 611 (S.D.N.Y. 2006) ("[A]s a general rule, courts will not consider arguments raised for the first time in a reply brief.").  Therefore, this aspect of Petitioner's motion is denied.

## III.   Due Process Violation Claim

Lastly, Petitioner claims that the Court's reliance on "allegations" in a New York State Department of Health ("NYSDOH") Audit Report from August 2009 (the "August 2009 Audit Report") at sentencing denied her due process.  *See*, Pet. at 28-29; *See also*, Sent'g. Tr. at 5:11-19.  Petitioner contends that her due process rights were deprived at sentencing because the August 2009 Audit Report "[was] not corroborated by any other evidence presented to this Court and [was] later effectively withdrawn by the NYSDOH."  Pet. at 28.

Petitioner's contention is based on a NYSDOH administrative law judge's (the "ALJ") decision issued on April 6, 2015, which did not sustain NYSDOH's October 10, 2013 termination of its CACFP Agreement with Red Apple.  *See*, *In re Red Apple Child Development Center et al.*, DOH Decision dated April 6, 2015 ("ALJ Decision"), Dkt. Entry No. 4-2, at 12.  The ALJ also did not sustain NYSDOH's disqualification of Petitioner, Shen, and Red Apple from future participation in CACFP.  *Id.*  However, Petitioner's claim is flawed for a couple reasons.

First, the ALJ's decision was based solely on a technical error.  *See*, ALJ Decision at 11-12.  The ALJ decided not to sustain NYSDOH's termination of Red Apple CACFP Agreement because NYSDOH failed to follow a regulatory termination notice requirement.  *Id.*  The ALJ neither identified any substantive error in the August 2009 Audit Report nor overturned the Report's findings.  Second, in sentencing Petitioner, the Court considered a number of factors and pieces of information, in addition to the August 2009 Audit Report:  Presentence Report; the parties' objections to the Presentence Report, Petitioner's sentencing memorandum and related exhibits; Probation's sentencing recommendation; the Government's sentencing memorandum and related attachments; the plea agreement; the pre-trial status report; and Petitioner's statement to the Court.  *See*, *generally*, Sent'g Tr.  Accordingly, Petitioner has failed to establish that the Court's "reliance" on the August 2009 Audit Report violated her due process rights.

[REST OF PAGE LEFT BLANK INTENTIONALLY]

## **CONCLUSION**

For the reasons set forth above, the Petition to vacate the judgment of conviction made pursuant to 28 U.S.C. § 2255 is denied in its entirety. Petitioner is denied a certificate of appealability as she fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *See*, Fed. R. App. P. 22(b); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal.  *See*, *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


SO ORDERED.

Dated: Brooklyn, New York
        January 21, 2022

                                                    _____
                                                                /s/
                                                    DORA L. IRIZARRY
                                                    United States District Judge

16